### HOLMES, Admr. v PRUDENTIAL INSURANCE CO. OF AMERICA

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3080. Decided Oct. 19, 1939

C. M. Addison, Columbus, and F. S. Monnett, Columbus, for plaintiff-appellant.

Carl H. Valentine, Columbus, for defendant-appellee.

### OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff's action was one for damages claimed to have been sustained by reason of defendant's failure to deliver to him an insurance policy in the sum of $5580.00.

Plaintiff in order filed a petition, an amended petition, a second amended petition and a third amended petition.

Motions were interposed as to the original petition and the amended petition which were sustained in part and overruled in part.

Nothing of substance was taken from the cause of action by reason of sustaining motions, nor do we find any prejudicial error in the court's action.

The second amended petition was attacked by demurrer, which was sustained, and thereafter a third amended petition filed.

Everything of substance contained in the second amended petition is set forth in the third amended petition, and by reason thereof plaintiff's right of action may properly be determined on the single question as to whether or not this last amended petition sets forth a cause of action. The trial court sustained a general demurrer thereto, and the plaintiff not desiring to plead further, the third amended petition was dismissed and costs adjudged against plaintiff.

After certain formal allegations as to plaintiff's qualifications and defendant's corporate capacity and being engaged in the insurance business, the third amended petition alleges in substance that on the 29th day of January, 1936, plaintiff's decedent, David H. Jacques, signed an application for life insurance to be issued to him, in the sum of $5580.00, by the defendant company. That the defendant company agreed with decedent that if he would pay down on the signing of the application $2.50 on the partial payment he could pay the remainder of the first quarterly premium, amounting to $15.90, on receipt of said policy. That the defendant company accepted said partial payment, and has ever since retained the same, but did not present the policy within a reasonable time to receive the balance of the first quarterly premium, which amount was ready to be paid in accordance with said agreement the moment said policy would have been presented. That said defendant company wholly failed to deliver said policy within a reasonable time after said application was approved by said company, and carelessly and negligently failed to present or deliver said duly issued policy to the

said David H. Jacques. Plaintiff says that at the time of signing said application, the decedent was in sound health, and that after the signing of said application the defendant company caused a physical examination to be made for the purpose of ascertaining the state of health of said David H. Jacques, and found and determined that he was an insurable risk and in sound health.

It is further alleged that the company, acting upon the information so obtained by said examination, on the 18th day of February, 1936, granted said insurance and issued a policy in favor of the said David H. Jacques for the amount of insurance applied for, said policy being duly signed and executed by said company on the said 18th day of February, 1936.

Plaintiff further says that on said date, to-wit, the 18th day of February, 1936, said David H. Jacques was in the same state of health as he had been on the date of the application and had been on the date when said company made its examination and decided to issue said policy. It is further alleged that on the 20th day of February, 1936, the defendant company placed said insurance policy in the mail at Newark, New Jersey, directed to its agent in charge of its office in Columbus, Ohio, for the purpose of causing said policy to be delivered to the said David H. Jacques; and that the said policy was received at the Columbus office on the 21st day of February, 1936, at which time the state of health of the said David H. Jacques was the same as of the time of the signing of the application. It is further alleged that the agent of the defendant company at Columbus, Ohio, carelessly and negligently failed to hand said policy to the said David H. Jacques.

It is further alleged that on the 23rd day of February, 1936, the state of health of the said David H. Jacques changed and he became sick, but that prior to this date his condition of health had remained the same as it was at the time of signing said application.

The amended petition contains the further allegation that David H. Jacques was at all times in the city of Columbus, Ohio, that his address was fully known and that there was ample and sufficient time for the defendant company to have handed to the applicant the policy of insurance aforesaid, and that if the Columbus representative of the company had acted promptly the policy of insurance would have been delivered within a reasonable time and the balance due on the first premium would have been fully paid.

Also the further allegation that David H. Jacques relied upon the defendant company to deliver said policy of insurance within a reasonable time after the application was allowed, and by reason thereof did not apply for or procure other insurance during said time. Further, that but for the delay in delivering the policy, decedent might have procured other insurance.

It is further alleged that when the defendant company discovered that the state of health of the said David H. Jacques had changed on the 23d day of February, 1936 it refused to deliver said policy and denied any liability thereon, and further denied that the said David H. Jacques had procured any insurance from said defendant company. It is further alleged that by reason of defendant's negligence in delivering the policy within a reasonable time, damages inured in the sum of $5580.00.

It is our conclusion that the trial court did not err in sustaining defendant's general demurrer to the petition. The action does not sound in tort, although negligence is averred.

Plaintiff's remedy must rise or fall under contract. The claimed acts of negligence cannot arise except the pleadings disclose an existing contract.

The mere signing of an application for insurance creates no binding obligation on the company to deliver a policy. Neither would such signing of an application accompanied by partial payment of the first premium create

an obligation upon the part of the insurance company to deliver a policy.

Drawing on our general knowledge relative to insurance, we know that sometimes insurance companies agree that on the signing of the application, the insurance is effective from that date. The present petition contains no allegation of any such agreement by the insurance company, and this is fatal to plaintiff's claimed cause of action. There is an entire absence in the petition of any allegaton that the insurance company agreed to deliver a policy at all.

The fact that the company received the application and took the usual steps looking to accepting the risk, the making out, signing and mailing ing to the Columbus office for delivery, would still lack the essential element of delivery to make it a completed contract.

Up to the time of actual delivery the company would have the right to change its intention to deliver for no reason at all. Under the state of facts set out in plaintiff's petition, actual delivery was essential to a completed contract of insurance between the deceased and the insurance company.

We are contemporaneously with this decision releasing another opinion in Case No. 3045, where recovery is sought under this same policy by Pauline S. Jacques, the wife and claimed beneficiary. In No. 3045 the case went to trial to a jury, and at the close of plaintiff's testimony the trial court, on motion of defendant, directed a verdict against the plaintiff. On review we had presented to us many of the questions that are under consideration in the instant case. It was our determination that the judgment of the trial court should be sustained.

In the instant case counsel for appellee urge that the action of the court in sustaining the general demurrer was proper for the further reason that plaintiff discloses no right to bring the action. This is on the theory that the amended petition does not set out the name of the beneficiary. We have considered this question, but have some doubt as to whether or not it can properly be raised under a general demurrer.

Finding no prejudicial error, the judgment of the trial court will be affirmed, and costs adjudged against the plaintiff.

HORNBECK, PJ. & GEIGER, J., concur.